**GARNER, LOVELL & STEIN, P.C., Garner, Stone & Lovell, P.C., Robert E. Garner, and John H. Lovell, Relators,**

v.

**Honorable Joe BURNETT, Judge, Respondent.**

No. 07–95–0241–CV.

Court of Appeals of Texas, Amarillo.

Sept. 18, 1995.

Rehearing Overruled Dec. 21, 1995.

Craig, Terrill & Hale LLP, Robert L. Craig, Jr. and Leonard R. Grossman, Lubbock, for relators.

Michael A. Pullara, Houston, for real party in interest.

Honorable Joe Burnett, Judge, Dallas, respondent, pro se.

Before REYNOLDS, C.J., and DODSON and QUINN, JJ.

REYNOLDS, Chief Justice.

By this original proceeding, relators Garner, Lovell & Stein, P.C.; Garner, Stone & Lovell, P.C.; Robert E. Garner; and John H. Lovell seek a writ of mandamus to compel respondent, Honorable Joe Burnett, sitting by assignment in the 251st District Court of Potter County, to modify a 31 January 1995 order compelling relators' production of documents and answers to interrogatories, and to vacate his 26 May 1995 order expanding the production and requiring relators to pay $1,500 in sanctions. For the reasons to be expressed, we will conditionally issue a writ

of mandamus for vacation of respondent's May 26 order.

The facts giving rise to the underlying litigation between relators and the real party in interest, Terry W. Jones, are disputed; however, a brief recitation of the events is necessary to establish a framework for our review of the discovery proceedings, for the orders cannot be viewed or analyzed in a vacuum. *Accord Fanestiel v. Alworth,* 856 S.W.2d 585, 588 (Tex.App.—Beaumont 1993, orig. proceeding). The following summary is an extraction from Jones's pleadings of the events culminating in the issuance of the orders complained of in this proceeding.

Jones originally retained relators to represent him in a cause of action against Phillip N. "Buddy" Jeffers, and identified for relators personal property Jeffers had secreted which could satisfy a judgment obtained against him. After undertaking Jones's representation, relators initiated representation of Amarillo National Bank in its action for money damages against Jeffers, and obtained a judgment in favor of the bank. Relators collected on the bank's judgment utilizing Jones's information concerning Jeffers's assets.

Dissatisfied with relators' representation, Jones hired another attorney, who completed the litigation to a favorable three-million-dollar judgment. However, Jeffers had no assets remaining to satisfy the judgment, and it continues uncollected.

In the summer of 1994, Jones filed the underlying suit as cause number 79,889–C in the 251st District Court of Potter County against relators premised upon, among other things, theories of conspiracy and breach of fiduciary duty in the joint representation of Jones and the bank. Served with Jones's original petition were his first requests for production and interrogatories.

Jones's initial request for production of documents consisted of thirty comprehensive requests, beginning with the general request for "any and all, each and every document that in any way relates to Terry W. Jones," and continuing with requests for specific documents relating to relators' representation of him and the bank, relators' relationship with the bank, and relators' financial records, professional affairs and policies, curriculum vitae including attorneys associated with them, as well as grievance complaints, and documents concerning any expert who may be called to testify in the cause. Relators specifically objected to the initial request as being "vague, ambitious, overly broad, general and indefinite and places an undue burden" on them and, further, that it was "too comprehensive and fails to identify which documents are sought with reasonable particularity."

Relators prefaced their response to Jones's requests for production with general objections to production of "information that is privileged or otherwise exempt from discovery," and "documents [which] are party communications or are covered by the investigative privilege." Further, relators expressly stated they did "not intend to waive attorney/client or work product privileges, or any other privileges or discovery exemptions." The general references to privileges or privileged documents relate globally to documents which are protected by the attorney-client privilege, Texas Rule of Civil Evidence 503, the work-product privilege, Texas Rule of Civil Procedure 166b(3), and the party-communication privilege, *id.,* unless otherwise specified or indicated.

Subject to their stated general and specific objections, relators produced documents responsive to Jones's requests. Seeking identification of documents withheld on the claimed basis of privilege, Jones filed, on 4 November 1994, his first motion to compel. By a 31 January 1995 order, the regular judge of the 251st District Court, Honorable Patrick A. Pirtle, overruled relators' objections to the request for any and all documents relating to Jones, sustained some objections, overruled some, overruled others with exceptions, and, in regard to any documents to which relators claimed a privilege, required the preparation of a "privilege log." The specifications of the log were spelled out in detail in the order, and directly corresponded to Jones's instruction in his discovery requests to identify privileged documents. Further, Jones was awarded $750 as compensation for the necessity of bringing the motion.

Soon thereafter, on 7 February 1995, Judge Pirtle sua sponte recused himself from further proceedings in the cause, and requested the assignment of another judge. Respondent, a Senior Justice, was assigned to the cause.

Relators supplemented their responses to Jones's discovery requests six times before Jones filed his second motion to compel on 3 May 1995. The basis for the second motion was relators' failure to prepare a privilege log in strict compliance with the January 31 order, which Jones alleged was a demonstration of their contempt for the court and its order. Jones further contended that the failure constituted a waiver of any and all privileges relators may have ever had, and sought an order compelling relators to produce documents responsive to the January 31 order "including, without limitation, any and all attorney-client communications, co-party communications, and/or Attorney Work Product," and an award of the value of attorney's fees incurred due to relators' failure to comply with the discovery requests.

Included in relators' response to the motion were their objections that Jones's global requests were overly broad, ambiguous and unduly burdensome, and that he was seeking all privileged documents and information created after the filing of his lawsuit. In this connection, relators' alleged that the requested discovery of their counsel's communications in the present cause was protected by the work product, attorney-client, and party communications privileges.

On 26 May 1995, after a hearing, respondent ordered relators to produce "on or before *July 1 1995*, true, correct and complete copies of any and all, each and every document responsive to [the January 31 order], including, without limitation, any and all attorney-client communications, co-party communications, and/or Attorney Work Product," and awarded Jones $1,500 in attorney's fees as sanctions (the order). That respondent intended to, and by his order did, require relators' production of all documents created before and after the filing of the present lawsuit was made clear by the following colloquy at the hearing on Jones's motion:

MR. CRAIG [relators' counsel]: What, then, is the court requiring us to do, sir?

THE COURT: To give them everything in that Plaintiff's Motion to Compel.

\* \* \* \* \* \*

MR. CRAIG: —as to what documents we're talking about? Are we talking about any letters that I have sent to Mr. Lovell or Mr. Lovell has sent to me—

THE COURT: Anything having to do with the Jones matter before or after the lawsuit was filed.

MR. CRAIG: Up until when?

THE COURT: Until today.

MR. PULLARA [Jones's counsel]: Your Honor—

MR. CRAIG: What about subsequent to today?

THE COURT: Well, I don't know. What about subsequent to today?

MR. PULLARA: Your Honor, we would urge the Court that—

THE COURT: There won't be anything subsequent to today.

MR. PULLARA: —there is—to the extent there is anything subsequent, it would be subject to production because once the privilege is waived, we have full access to all matters as to which the waiver has occurred. And so we would ask that the Court direct them to put me on their CC list and send me copies of all work product, including all drafts.

THE COURT: I suspect their communications will be oral from this day forward; wouldn't you?

MR. PULLARA: Well, I would then request the Court—

THE COURT: Well, from this day forward, you don't have to give it to him, subject to a motion. I mean, if we—

MR. PULLARA: May I send a letter?

THE COURT: —I'll want to have another hearing on it if we do.

MR. PULLARA: May I simply send a letter asking for updating or do I need to file a motion with the Court?

THE COURT: Just ask for updating and copy the Court.

MR. PULLARA: Yes, sir.

Respondent's order generated relators' petition for writ of mandamus, by which they seek to have the order vacated, bottomed upon their allegation that respondent abused his discretion in ordering relief in excess of Jones's initial request by expanding the scope of discovery to documents prepared after the filing of the underlying suit. They also seek a modification of the January 31 order to the extent that it supports the ruling of the order.

▇ To obtain mandamus relief, relators must show both that respondent committed a clear abuse of discretion, and relators have no adequate remedy at law, such as a normal appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). An abuse of discretion occurs when a trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. Thus, when a trial court erroneously orders disclosure of material protected from discovery by privilege, there is no adequate remedy by appeal, *id.* at 843, and mandamus is the proper remedy. *Dillard Department Stores, Inc. v. Honorable Richard Hall,* Judge, 909 S.W.2d 491 (1995).

▇ In conformity with these principles, we determine that, for two reasons, Judge Pirtle's January 31 order is not subject to modification through the mandamus relief sought from respondent's order. First, relators have not charged either Judge Pirtle or respondent with an abuse of discretion in regard to the January 31 order. Second, Judge Pirtle's January 31 order is not susceptible to a reading that he ordered relators to produce all documents created after the institution of the present lawsuit.

Although Jones generally requested, and Judge Pirtle ordered the production of, "any and all, each and every document that in any way relates to Terry W. Jones," all of the specific requests for documents, with the exception of the legitimate request for communications or reports to and from any person who may be called to testify at trial in this cause, were, in our view, worded to secure documents concerning events which occurred before the present lawsuit was filed. To the contrary, Jones argues that his requests extended to all documents, were continuing in nature and extended to documents obtained in the future, and were not limited to non-privileged or non-confidential documents.

Nevertheless, both a careful reading of Jones's requests and applicable discovery principles negate his argument. Even if his requests could be given the breadth he asserts, they would run afoul of the principles that "[d]iscovery is limited to matters relevant to the case," *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 814 (Tex.1995), and that communications between any party and his agents, representatives or their employees made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim out of which the suit has arisen, are exempt from discovery. Tex.R.Civ.Evid. 503; Tex. R.Civ.P. 166b(3)(d).

▇ Still, Jones argues that relators waived any attorney-client, work product, or party communication privilege by not objecting to any request on that basis and not coming forward with any evidence of privilege, particularly because they have not prepared a privilege log as ordered. However, relators did object to the requests as a whole not only on the basis that the information sought was exempted from discovery as information, party communications, and investigation which was privileged, but that the requests were vague, ambiguous and overly broad. And there is no suggestion there was, nor do we find, a ruling that relators' waived their claimed privileges for failing to prepare the privilege log as ordered. Then, insofar as the requests might seek documents created after the lawsuit was filed, they amounted to a forbidden request for all information relators may have, *Texaco, Inc. v. Sanderson,* 898 S.W.2d at 815, and were well outside the bounds of proper discovery. *Dillard Department Stores, Inc. v. Honorable Richard Hall, Judge,* 38 Tex.Sup.Ct.J. at 1042, 909 S.W.2d at 492. Thus, the requests were not appropriate requests for documents created after the filing of the lawsuit and, to this extent, relators were not

obligated to even assert their privileges on the penalty of waiver. *Texaco, Inc. v. Sanderson*, 898 S.W.2d at 815.

Resultantly, we cannot ascribe to Judge Pirtle's January 31 order, nor deem it interpretable as, the command for discovery of relators' documents created after the filing of the present lawsuit, for to do so would attribute to it the prohibited authorization of discovery well outside the bounds of proper discovery. Given this construction of the order, there is no need to resort to the affidavits of Judge Pirtle and relators' counsel concerning their respective views on the intent and interpretation of the order, *Harrison v. Manvel Oil Co.*, 142 Tex. 669, 180 S.W.2d 909, 915 (1944), and we neither address nor consider Jones's complaints against, nor relators' reliance upon, the affidavits.

■ Applying the same discovery principles, it is at once apparent that Jones's second motion to compel discovery of relators' documents created after the filing of his lawsuit was an inappropriate device to discover documents exempted from discovery by rules 503 and 166b(3)(d), *supra*. Because of the improper device, the failure of relators to adduce evidence in support of their again pleaded privileges to the improper motion could not constitute a waiver of their privileges. *Texaco, Inc. v. Sanderson*, 898 S.W.2d at 815. Consequently, respondent's order requiring production of documents beyond those permitted by the rules of discovery was a clear abuse of discretion for which relators' have no adequate remedy by appeal. *Id.*

Accordingly, a writ of mandamus is conditionally granted directing respondent to vacate his 26 May 1995 order. The writ will issue only if respondent fails to vacate the order.